BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
KATHARINE E. CLARK
Senior Litigation Counsel
Office of Immigration Litigation
NANCY K. CANTER, State Bar No. 263198
Nancy.K.Canter@usdoj.gov
  P.O. Box 878, Ben Franklin Station
  Washington, DC 20044
  Telephone:  (202) 616-9132
  Facsimile:   (202) 305-4829
Attorneys for Respondent

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| AURELIO SALDIVAR-TORRES               )<br>                    Petitioner,         )<br>       vs.                                          )<br>                                                      )<br>LORETTA E. LYNCH, U.S. Attorney )<br>General,                                        )<br>                    Respondent.        )<br>                                                      )<br>_____)  | **Case No.: 2:16-cv-00688-TJH-FFM**<br><br>[~~Proposed~~] **PROTECTIVE ORDER** |

Petitioner Aurelio Saldivar-Torres ("Petitioner") and Respondent Loretta E. Lynch ("Respondent"), collectively the "Parties," expect that information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, as amended, will be disclosed to Petitioner in the course of discovery and produced to the Court in pleadings, motions, and other Court documents.  Specifically, the Respondent represents that it has in its possession one or more alien files (hereinafter "A-files") of individuals

who are citizens and/or lawful permanent residents of the United States. These A-files contain information that is and/or may be discoverable in the instant litigation, but the Respondent believes that the files are protected from disclosures under the Privacy Act of 1974, 5 U.S.C. § 552a, as amended. These A-files also contain personal data identifiers which are subject to redaction under Local Rule 5.2-1. Additionally, the Respondent has in its possession Petitioner's A-file, which contains identifying information, which is or may be discoverable, concerning individuals other than Petitioner. The Respondent believes that this information is also protected from disclosure under the Privacy Act of 1974, 5 U.S.C. § 552a, as amended and is subject to redaction under Local Rule 5.2-1.

To avoid the disclosure outside this lawsuit of information that the Parties believe to be protected, to ensure that any such disclosure does not become harmful to the Parties, and to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, the Parties have agreed to the entry of this Protective Order.

Accordingly, and with the agreement of the undersigned attorneys of record, it is ORDERED that:

1. **Definitions.** For purposes of this Protective Order, "Confidential Information" is defined as sensitive information related to an individual, or

sensitive information related to an individual as protected under the Privacy Act of 1974, 5 U.S.C. § 552a, as amended, and Local Rule 5.2-1, including, but not limited to information about an individual regarding his or her education, financial transactions, medical history, and criminal or employment history and that contains his or her name, or the identifying number, symbol, or other identifying articular assigned to the individual, such as a finger or voice print or a photograph.  For purposes of this Protective Order, "Confidential Information" does not include privileged information that is not protected under the Privacy Act of 1974, 5 U.S.C. § 552a, as amended, or Local Rule 5.2-1.  Accordingly, this Order does not waive the Parties' right to withhold from disclosure documents containing privileged communications, including, but not limited to, attorney-client, attorney work product, deliberative process, and law enforcement sensitive information, to the extent an independent privilege and/or basis to withhold exists.

2. **Scope.**  All documents produced in the course of discovery, all responses to discovery requests, and all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order as set forth below.

3. **Form and Timing of Designation.**  A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER"

on the documents or its cover sheet in a manner that will not interfere with the legibility of the document.  Documents shall be designed CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents.  The designation "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

4. **Documents Which May be Designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER.**  Any party may designate documents as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER but only after review of the documents by counsel for a party who has in good faith determined that the documents contain information protected from disclosure under the provisions of the Privacy Act, 5 U.S.C. § 552a, and Local Rule 5.2-1, or contains sensitive personal identifying information, including but not limited to the types of information described in paragraph 1 above, as well as personal, family and other information.

5. **Documents Which May Be Produced or Filed Following Designation as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER.**  Upon designating such documents as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER, the Respondent is authorized to release to counsel for

Petitioner and the Court in this case documents from government files which contain discoverable, unredacted third-party identifying information, without obtaining prior written consent of the third parties whose names, addresses, and other identifying information may be present in such documents.  This authorization does not waive either party's right to withhold from disclosure documents containing privileged communications, including, but not limited to, attorney-client, attorney work product, deliberative process, and law enforcement sensitive information, to the extent an independent privilege and/or basis to withhold exists.

6.     **Depositions.**  Because this case may require the use of Confidential Information in litigation, deposition testimony shall automatically be deemed CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER, unless the parties stipulate otherwise or the Court rules otherwise in response to an appropriate motion.

7.     **Disputes.**  If a party believes that a document designated or sought to be designated as confidential does not warrant such designation, it shall first make a good faith effort to resolve such dispute by conferring with counsel for the opposing party.  In the event that such dispute cannot be resolved by the Parties either party may bring an appropriate motion before the Court.  All documents

initially designated as confidential shall be treated as confidential in accordance with this Order until such time as the Court may rule otherwise.

8.  **Protection of Confidential Material.**  Documents designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER under this Order or information obtained from said documents shall not be used, disclosed, or made available in any form to any person except: the parties, the attorneys of record in this action and the regular employees and support staff of such attorneys; employees of third party contractors involved in one or more aspects of copying, organizing, filing, coding, imaging, converting, storing, or retrieving data or designated programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system or in providing other clerical and support services; any experts or consultants retained by an attorney of record in this action for the purpose of litigating this action; the Court and any of its staff and personnel, including court reporters, videographers, and any mediator appointed by the Court; any witness or potential witness; the employees of the Department of Homeland Security; the employees of the Department of State; and any other person who is designated by written stipulation of the parties or by Order of the Court.  Said documents may also be disclosed to individuals whose testimony is contemplated or actually taken in this action, but only to the extent necessary to elicit testimony concerning the subject

matter of information or records produced subject to this Protective Order and only after said individuals have first read the terms of this Protective Order and signed a copy of the Acknowledgement of Protective Order form, attached hereto as **Exhibit A**, agreeing to be bound thereby.  The signed Acknowledgment forms shall be maintained by counsel for the Petitioner or counsel for the Respondent.

9. **Filing of CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER Documents Under Seal and Use of Confidential Information in Briefs or Memoranda.**  When a party desires to file with the Clerk of Courts any document marked as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER, or refer to Confidential Information in a brief or memoranda, the document, brief, or memoranda, the party shall comply with Local Rule 79-5.  The Parties are not required to follow such filing requirements when a brief or memoranda merely cited to documents marked as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER without revealing Confidential Information, or references information contained within documents marked CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER without revealing Confidential Information.

10. **Use of Confidential Documents or Information at Trial.**  If a party wishes to refer to confidential information at trial, the party shall move the Court to make such orders as are necessary to govern the use of such documents or information, either by motion or by agreed stipulation.  Reference by the Parties to

confidential documents or information at trial, pursuant to an order entered by the Court as described in this paragraph, shall be considered to be: (1) "pursuant to the order of the court of competent jurisdiction" and authorized by 5 U.S.C. § 552a(b)(11); and (2) pursuant to an order permitting disclosure and filing of materials without redaction as required by Local Rule 5.2-1.

**11.   Obligations on Conclusion of Litigation.**

a.   Order Remains in Effect.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b.   Return of CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER Documents.  Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER under this Order, including copies, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclose; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER documents.

12. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery and further consideration of Petitioner's claim of citizenship. Nothing herein constitutes any decision by the Court concerning the admission into evidence of any specific document designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER by counsel, nor does the Order constitute a waiver by either party of their right to object to the admission into evidence of any record or information subject to this Order. Nothing in this Order shall be deemed to waive objections to disclosure of documents that a party may have based on grounds other than confidentiality.

13. **Persons bound.** This Order shall take effect when entered and shall be binding upon all counsel, the Parties, government agencies, and persons made subject to this Order by its terms.

14.     **Privacy Act.**  It is also hereby ORDERED that the Respondent may: (1) produce documents to the Petitioner that are protected by the Privacy Act of 1974, 5 U.S.C. § 552a, and the Respondent's production of such documents shall be considered to be "pursuant to the order of a court of competent jurisdiction" and authorized by 5 U.S.C. § 552a(b)(11) so long as the Respondent designated the documents as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER and (2) produce documents without redactions as required under Local Rule 5.2-1.

IT IS SO ORDERED.

   DATED: April 27, 2016


                    /S/ Frederick F. Mumm
                    HON. FREDERICK F. MUMM
                    U.S. MAGISTRATE JUDGE