# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| AURELIO SALDIVAR-TORRES,<br><br>　　　　Petitioner,<br><br>　v.<br><br>LORETTA E. LYNCH,<br><br>　　　　Respondent. | CV 16-00688 TJH (FFMx)<br><br>Findings of Fact<br>and<br>Conclusions of Law |

　　　This case was referred to this Court by the Ninth Circuit Court of Appeals, pursuant to 8 U.S.C. § 1252(b)(5)(B), for the limited purpose of making a determination regarding Petitioner's disputed claim of United States citizenship. The Court, having considered the arguments and evidence, now, issues the following Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT**

　　　1.　　Petitioner Aurelio Saldivar-Torres was born in Mexico on July 2, 1960.

　　　2.　　Petitioner's deceased mother, Falicitas Torres Garcia, was not a United States Citizen.

　　　3.　　Petitioner's deceased father, Aurelio G. Saldivar, Sr. ["Mr. Saldivar"],

was born in Santa Ana, California on February 20, 1921, at which time Mr. Saldivar became a United States citizen.

4. From 1921 to 1932 — eleven years — Mr. Saldivar lived in the United States.

5. In 1932, Mr. Saldivar moved to Durango, Mexico.

6. In 1944, Mr. Saldivar moved back to the United States to live in Santa Ana, California.

7. Between 1944 and 1964, Mr. Saldivar spent seven months each year working in California as, among other things, a migrant farm worker.

8. By living in the United States for seven-month periods of time over the twenty years between 1944 and 1960, Mr. Saldivar lived in the United States a total of nine years.

9. Any Finding of Fact erroneously categorized below as a Conclusion of Law is hereby incorporated into these Findings of Fact.

**CONCLUSIONS OF LAW**

1. The burden for proving a claim to United States citizenship is preponderance of the evidence. 8 C.F.R. § 341.2(c).

2. All doubts must be resolved in favor of the United States and against Petitioner. *Berenyi v. District Director, INS*, 385 U.S. 630, 637 (1967).

3. In deciding whether a foreign-born person acquired citizenship at birth, the Court must act in strict compliance with the terms of the authorizing statute. *INS v. Pangilinan*, 486 U.S. 875, 884 (1988).

4. The applicable statute for establishing United States citizenship at birth, when a petitioner is born abroad and only one parent was a United States citizen, is the statute that was in effect at the time of the petitioner's birth. *See Scales v. I.N.S.*, 232 F.3d 1159, 1162 (9th Cir. 2000).

5. When Petitioner was born on July 2, 1960, the applicable statute regarding

establishing United States citizenship in cases in which the petitioner was born abroad and only one parent was a United States citizen was 8 U.S.C. § 1401(a)(7) (1952) ["the Statute"].

6. The applicable provision of the Statute provided that "a person born outside of the geographical limits of the United States . . . of parents one of whom is an alien, and the other a citizen of the United States" was a national and citizen at birth if the parent who was a United States citizen "was physically present in the United States . . . for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years." 8 U.S.C. § 1401(a)(7) (1952).

7. Petitioner established, by a preponderance of the evidence, that his father, Mr. Saldivar, was physically present in the United States for not less than ten years between his date of his father's birth, February 20, 1921, and prior to the date of Petitioner's birth, July 2, 1960. *See* 8 U.S.C. § 1401(a)(7) (1952).

8. Petitioner, further, established, by a preponderance of the evidence, that Mr. Saldivar was physically present in the United States for at least five years between Mr. Saldivar's fourteenth birthday, February 20, 1935, and Petitioner's date of birth, July 2, 1960. *See* 8 U.S.C. § 1401(a)(7) (1952).

9. Petitioner, further, established, by a preponderance of the evidence that Petitioner acquired United States citizenship and nationality at birth pursuant to 8 U.S.C. § 1401(a)(7) (1952).

10. Any Conclusion of Law erroneously categorized above as a Finding of Fact is hereby incorporated into these Conclusions of Law.

Date: December 5, 2016

_____
Terry J. Hatter, Jr.
Senior United States District Judge